# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1189V**
**Filed: December 17, 2024**

SEMECA JOHNSON,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Special Master Daniel Horner

*Edward Kraus, Kraus Law Group, LLC, Chicago, IL, for petitioner.*
*Michael Joseph Lang, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On September 14, 2020, Semeca Johnson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (the "Vaccine Act").[2] Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her October 11, 2019 influenza ("flu") vaccination. (ECF No. 1, p. 1.) Petitioner further alleges that the subject vaccine was administered in the United States; her injury lasted longer than six months; and neither petitioner, nor any other party, has ever received compensation in the form of an award or settlement for her vaccine-related injury. (*Id.* at 2-3.)

Respondent initially opposed compensation, arguing that petitioner failed to demonstrate that she suffered the residual effects of her alleged shoulder injury for

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

more than six months. (*Id.* Ex. 27, pp. 2-3 (citing 42 C.F.C. § 100.3(c)(1)(D)(i)).) However, on November 2, 2023, the Chief Special Master issued a Findings of Fact and Conclusions of Law, finding that petitioner had substantiated that she suffered the sequela of her alleged shoulder injury for longer than six months. (ECF No. 38, pp. 9-10; *see also* 2023 WL 8452403.) Thereafter, this case was reassigned to the undersigned's docket and the parties filed expert reports. (ECF Nos. 49, 52-55, 57.)

On November 14, 2024, the undersigned issued an Order to Show Cause, directing respondent to show cause why entitlement should not be granted based on respondent's expert submission and the record as a whole. (ECF No. 58.) With the statutory severity issue having been resolved by the Chief Special Master, and based on the undersigned's review of the medical records and expert reports, petitioner's medical records on their face demonstrated the requirements of a Table SIRVA and it did not appear that respondent's expert had raised any further triable issue with respect to petitioner's alleged Table Injury. (*Id.*) In response to my order, respondent filed an Amended Rule 4(c) report on December 16, 2024, in which he advised "that he will not continue to defend this case during further proceedings." (ECF No. 59, p. 1.) Specifically, respondent maintains that

> petitioner has not met her burden of proof under the Vaccine Act, for the reasons set forth in his initial Rule 4(c) Report and in Dr. Cagle's expert report. However, in light of the Court's order, respondent no longer wishes to defend against petitioner's entitlement claim before the Office of Special Masters and requests a ruling on the record regarding petitioner's entitlement to compensation.

(*Id.* at 4-5 (internal citations omitted).)[3]

**In view of Respondent's position and the evidence of record, and for the reasons discussed in the Order to Show Cause at ECF No. 58, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

[3] The Order to Show Cause had indicated that petitioner would be provided an opportunity to file a responsive brief following respondent's response to the order. (ECF No. 58, p. 8.) However, given the specifics of respondent's response, a further written response by petitioner is not necessary. Respondent does seek to preserve his right to appeal this entitlement decision. (ECF No. 59, n. 1.)